Filed 5/18/21  P. v. Herrera CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ANTHONY HERRERA,<br><br>    Defendant and Appellant. | B301607<br><br>(Los Angeles County<br>Super. Ct. No. TA066571) |

APPEAL from a postjudgment order of the Superior Court of Los Angeles County, Patrick E. Connolly, Judge.  Affirmed.

Cynthia L. Barnes, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Charles S. Lee and Stephanie A. Miyoshi, Deputy Attorneys General, for Plaintiff and Respondent.

————————

Anthony Herrera appeals from a postjudgment order denying his petition for resentencing under Penal Code section 1170.95,[1] contending the superior court erred in ruling section 1170.95 did not apply to attempted murder and summarily denying his petition without first appointing counsel. We rejected Herrera's first argument in *People v. Lopez* (2019) 38 Cal.App.5th 1087, review granted November 13, 2019, S258175 (*Lopez*), and his second argument in *People v. Verdugo* (2020) 44 Cal.App.5th 320, review granted March 18, 2020, S260493 (*Verdugo*). Because Herrera has advanced no persuasive reason for us to reconsider our decision in either case, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

The evidence at trial established that Herrera, acting alone, robbed Federico Mendez at gunpoint and then shot him when he said he had no more mony. Mendez required surgery for the gunshot wound to his stomach.

Herrera was convicted by a jury of attempted murder (§§ 664, 187) and second degree robbery (§ 211). The jury also found true special allegations Herrera had used a firearm during the offenses (§ 12022.53, subds. (b) & (d)). Following a remand by this court to correct sentencing error (*People v. Herrera* (Feb. 14, 2006, B173384) [nonpub. opn.]) the trial court sentenced Herrera to an aggregate indeterminate state prison term of 40 years to life. We affirmed the judgment. (*People v. Herrera* (Dec. 18, 2007, B194531) [nonpub. opn.].)

On August 22, 2019 Herrera, representing himself, filed a petition for resentencing under section 1170.95. Checking boxes

---

[1]      Statutory references are to this code.

on the preprinted form petition, Herrera declared under penalty of perjury that he had been convicted of first or second degree murder pursuant to the felony murder rule or the natural and probable consequences doctrine.  Herrera requested appointment of counsel during the resentencing process.

The superior court summarily denied the petition on September 3, 2019, ruling Herrera was ineligible for resentencing as a matter of law because he had not been convicted of murder. Herrera filed a timely notice of appeal.

## DISCUSSION

1. *Senate Bill No. 1437, the Section 1170.95 Petition Procedure and the Right To Counsel*

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015) (Senate Bill 1437), effective January 1, 2019, eliminated the natural and probable consequences doctrine as a basis for finding a defendant guilty of murder (*People v. Gentile* (2020) 10 Cal.5th 830, 842-843 (*Gentile*)) and significantly limited the felony-murder exception to the malice requirement for murder. (See, e.g., *People v. Rodriguez* (2020) 58 Cal.App.5th 227, 236, review granted Mar. 10, 2021, S266652; *People v. Bascomb* (2020) 55 Cal.App.5th 1077, 1080.)

Senate Bill 1437 also authorized, through new section 1170.95, an individual convicted of felony murder or murder under a natural and probable consequences theory to petition the sentencing court to vacate the conviction and be resentenced on any remaining counts if he or she could not have been convicted of murder because of Senate Bill 1437's changes to the definition of the crime.  (See *Gentile*, *supra*, 10 Cal.5th at p. 859.)

3

If the section 1170.95 petition contains all the required information, including a declaration by the petitioner that he or she was convicted of murder and is eligible for relief (§ 1170.95, subd. (b)(1)(A)), section 1170.95, subdivision (c), prescribes a process for the court to determine whether to issue an order to show cause and hold an evidentiary hearing to consider if the murder conviction should be vacated and the petitioner resentenced on any remaining counts.  The superior court properly proceeds under subdivision (c) in two steps, "one made before any briefing to determine whether the petitioner has made a prima facie showing he or she falls within section 1170.95— that is, that the petitioner may be eligible for relief—and a second after briefing by both sides to determine whether the petitioner has made a prima facie showing he or she is entitled to relief." (*People v. Verdugo* (2020) 44 Cal.App.5th 320, 328 (*Verdugo*), review granted Mar. 18, 2020, S260493; accord, *People v. Soto* (2020) 51 Cal.App.5th 1043, 1054, review granted Sept. 23, 2020, S263939; *People v. Drayton* (2020) 47 Cal.App.5th 965, 975; but see *People v. Cooper* (2020) 54 Cal.App.5th 106, 118, review granted Nov. 10, 2020, S264684 [section 1170.95, subdivision (c), contemplates only one prima facie review before an order to show cause issues].)

As to the first step, we explained in *Verdugo*, "[B]ecause a petitioner is not eligible for relief under section 1170.95 unless he or she was convicted of first or second degree murder based on a charging document that permitted the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine (§ 1170.95, subd. (a)(1), (2)), the court must at least examine the complaint, information or indictment filed against the petitioner; the verdict form or factual

4

basis documentation for a negotiated plea; and the abstract of judgment.  Based on a threshold review of these documents, the court can dismiss any petition filed by an individual who was not actually convicted of first or second degree murder." (*Verdugo*, *supra*, 44 Cal.App.5th at pp. 329-330, review granted.)

A petitioner is entitled to appointment of counsel, we held, only if the superior court does not determine he or she is ineligible for relief as a matter of law at this first subdivision (c) prima facie review.  (*Verdugo*, *supra*, 44 Cal.App.5th at p. 332, review granted; accord, *People v. York* (2020) 54 Cal.App.5th 250, 262-263, review granted Nov. 18, 2020, S264954; *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1140, review granted Mar. 18, 2020, S260598.)  The court in *People v. Cooper*, *supra*, 54 Cal.App.5th 106, review granted, disagreed that section 1170.95, subdivision (c), contemplates two separate steps and held a petitioner is entitled to counsel upon the filing of a facially sufficient petition for relief that requests counsel be appointed. (*Cooper*, at p. 123.)

We do not find persuasive the *Cooper* court's interpretation of section 1170.95, subdivision (c).  Unless we receive different instructions from the Supreme Court, we adhere to the analysis set forth in *Verdugo* and the cases that have followed it. Accordingly, because the record of conviction established as a matter of law that Herrera was not convicted of first or second degree murder, the superior court properly denied his petition without first appointing counsel.

2. *The Superior Court Did Not Err in Summarily Denying Herrera's Petition for Resentencing*

In *Lopez, supra*, 38 Cal.App.5th at page 1104, review granted, we held Senate Bill 1437 did not modify the law regarding accomplice liability for attempted murder, explaining there was nothing ambiguous in the language of the legislation, which, in addition to omitting any reference to attempted murder, specifically identified its purpose as the need "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) We added that the Legislature's intent to exclude crimes other than murder was underscored by the language of section 1170.95, subdivision (a), which authorizes only those individuals "convicted of felony murder or murder under a natural and probable consequences theory" to petition for relief and requires the petition be directed to "the petitioner's murder conviction." (*Lopez*, at pp. 1104-1105; accord, *People v. Love* (2020) 55 Cal.App.5th 273, 279, review granted Dec. 16, 2020, S265445 [Senate Bill 1437 does not eliminate the natural and probable consequences theory for attempted murder].)

As Herrera points out in his reply brief, our colleagues in the Fifth District in *People v. Larios* (2019) 42 Cal.App.5th 956, review granted February 26, 2020, S259983, *People v. Medrano* (2019) 42 Cal.App.5th 1001, review granted March 11, 2020, S259948, and *People v. Sanchez* (2020) 46 Cal.App.5th 637, review granted June 10, 2020, S261768 reached a contrary

conclusion, holding Senate Bill 1437's amendment to section 188's definition of malice applied not only to murder but also to attempted murder under the natural and probable consequences theory of liability. (*Larios*, at pp. 966-967; *Medrano*, at p. 1015; *Sanchez*, at p. 642.)

However this split in authority regarding the breadth of Senate Bill 1437's prospective modification of the law of accomplice liability may be resolved,[2] no court has held the remedial provisions of section 1170.95 apply to a petitioner seeking resentencing for a final conviction of attempted murder. (See, e.g., *People v. Harris* (2021) 60 Cal.App.5th 557, 565-566, review granted Apr. 28, 2021, S267802 ["[w]e join the other appellate courts that have concluded that relief under section 1170.95 is not available to those convicted of attempted murder"]; *People v. Love*, *supra*, 55 Cal.App.5th at p. 292, review granted [section 1170.95's "mechanism for retroactive relief applies only to persons seeking to vacate a conviction for 'murder'; it says nothing about attempted murder"]; *People v. Larios*, *supra*, 42 Cal.App.5th at p. 970, review granted ["No language in

---

[2]      In granting review in *Lopez, supra*, S258175, the Supreme Court directed that briefing and argument be limited to the following issues: "(1) Does Senate Bill No. 1437 (Stats. 2018, ch. 1015) apply to attempted murder liability under the natural and probable consequences doctrine? (2) In order to convict an aider and abettor of attempted willful, deliberate and premeditated murder under the natural and probable consequences doctrine, must a premeditated attempt to murder have been a natural and probable consequence of the target offense? In other words, should *People v. Favor* (2012) 54 Cal.4th 868 be reconsidered in light of *Alleyne v. United States* (2013) 570 U.S. 99 and *People v. Chiu* (2014) 59 Cal.4th 155?"

section 1170.95 references relief to persons convicted of attempted murder.  And, as noted in *Lopez*, the legislative history of Senate Bill 1437 supports the conclusion section 1170.95 was intended to apply only to persons convicted of murder"].)  This unanimity is not surprising given the express language of section 1170.95, subdivision (a), which, as we emphasized in *Lopez, supra*, 38 Cal.App.5th at pages 1104 through 1105, review granted, authorizes resentencing relief only for individuals convicted of murder.

The checked box in Herrera's petition notwithstanding, there is no dispute his commitment offense was attempted murder, a fact confirmed by the record of conviction.  Accordingly, his ineligibility for resentencing under section 1170.95 was established as a matter of law.  The court did not err in summarily denying the petition.

## DISPOSITION

The order denying Herrera's petition for resentencing is affirmed.


PERLUSS, P. J.

We concur:


SEGAL, J.


FEUER, J.